UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tarontae D. Jackson,<br><br>    Plaintiff<br><br>v.<br><br>Perry Russell,<br><br>    Defendant. | Case No.: 2:22-cv-01289-JAD-VCF<br><br>**Order Screening<br>Amended Complaint** |

Plaintiff Tarontae D. Jackson brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when he did not receive medical treatment for COVID-19 during his incarceration at Stewart Conservation Camp.  Jackson has filed a first amended complaint (FAC).[1]  I accept the FAC as the operative complaint in this case.  Because Jackson applies to proceed *in forma pauperis*,[2] I screen the FAC under 28 U.S.C. § 1915A.  I find that he has not pled a colorable Eighth Amendment claim, and I give him leave to file a second amended complaint by December 15, 2022, if he can add facts to cure the deficiencies.

**Background**

**A.    Plaintiff's factual allegations**[3]

Jackson tested positive for COVID-19 on November 28, 2020.[4]  He was quarantined in a unit with 60 or more other people, and he never saw a doctor or a nurse at any time.  Medical

---

[1] ECF No. 3.

[2] ECF No. 1.

[3] This is merely a summary of the Jackson's allegations and not intended as findings of fact.

[4] ECF No. 3 at 4.

staff refused to give Jackson medicine to relieve his pain or his fever.  Jackson was also not able to purchase medicine because the prison store was closed.  No one checked on Jackson to see whether he was getting better; he was just counted and left to get better on his own.  Dr. Naughton, Warden Perry, and Michael Minev are responsible for directing medical staff.

**B.    Plaintiff's causes of action**

Based on these events, Jackson sues defendants Dr. Naughton, Warden Perry, and Michael Minev, alleges a claim of deliberate indifference to a serious medical need under the Eighth Amendment, and seeks damages.[5]

## Discussion

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[7]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

---

[5] *Id.* at 4, 9.

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

### B.     Analysis of Jackson's claims

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[15] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[16] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious

---

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

[15] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[16] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[17]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[18] To satisfy the deliberate-indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[19] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[20] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, he must show that the delay led to further injury.[21]

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[22] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[23]

---

[17] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[18] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[19] *Id*.

[20] *Id*. (internal quotations omitted).

[21] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[22] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[23] *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor."[24] "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[25] So "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[26] "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"[27]

      I find that Jackson fails to state a colorable claim for deliberate indifference to a serious medical need. To state a colorable claim, Jackson must allege facts sufficient to support both that he had a serious medical need, and that the defendants were deliberately indifferent to that need. The allegations in the FAC fail on both prongs. Jackson alleges that he contracted COVID-19. But he provides almost no other details about his illness. Those who contract COVID-19 have a wide range of outcomes. Some become extremely sick or die while others have very mild or even no symptoms. Jackson alleges that he sought medicine to relieve his pain and fever, but he does not provide any other details about his symptoms or their severity. These thin allegations are insufficient to support that Jackson had a serious medical need.

---

[24] *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).
[25] *Id*. at 1207.
[26] *Id*.
[27] *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Furthermore, the brief allegations about the defendants do not support that they were deliberately indifferent to Jackson's medical needs.  It appears that Jackson is attempting to bring a supervisory-liability claim against the defendants based on their roles as supervisors, as he alleges that the defendants direct the medical staff.  But Jackson does not allege any specific facts to support that the defendants directly told medical staff not to treat him, that the defendants knew medical staff were not treating him yet failed to intervene, or that the defendants instituted a policy that was so deficient that the policy itself was a repudiation of Jackson's constitutional rights and the direct cause of the failure to provide him medical treatment.  In any second amended complaint, Jackson must allege specific facts showing how each of the defendants was involved in the alleged failure to provide him medical care.

## C.     Leave to amend

Jackson is granted leave to file a second amended complaint to state a colorable claim of deliberate indifference to a serious medical need.  If Jackson chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaints, so the second amended complaint must be complete in itself.[28]  He must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint."  Jackson must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient

---

[28] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

to show what <u>each</u> defendant did to violate his civil rights.  **He must file the second amended complaint by December 15, 2022.**

### Conclusion

IT IS THEREFORE ORDERED that the Court accepts the FAC (ECF No. 3) as the operative complaint in this case but **dismisses** it with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of the FAC (ECF No. 3).  If plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  The second amended complaint will be screened in a separate screening order, and **the screening process may take <u>many months</u>.  If plaintiff does not file a second amended complaint by December 15, 2022, this action will be dismissed without prejudice for failure to state a claim and closed.**

Dated: November 1, 2022

_____
U.S. District Judge Jennifer A. Dorsey

7