**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tarontae D. Jackson,<br><br>　　　　Plaintiff<br><br>v.<br><br>Perry Russell, et al.,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01289-JAD-VCF<br><br>**Order Screening Second<br>Amended Complaint<br>and Denying Motion to Appoint Counsel**<br><br>[ECF No. 7] |

Nevada inmate Tarontae D. Jackson brings this civil-rights action for deliberate indifference to his medical needs during a 2020 COVID-19 outbreak at his facility. On November 1, 2022, I screened Jackson's first amended complaint ("FAC") under 28 U.S.C. § 1915A[1] and dismissed it without prejudice and with leave to amend. Jackson has filed a motion for appointment of counsel and a second amended complaint ("SAC").[2] I find that appointment of counsel is not warranted at this time and deny the motion without prejudice. I also find that Jackson has not pled a colorable Eighth Amendment claim in the SAC, so I give him one more chance to do so, with a third amended complaint by April 10, 2023.

---

[1] ECF No. 5.
[2] ECF Nos. 7, 11.

# Background

## A. Plaintiff's factual allegations[3]

Jackson tested positive for COVID-19 on November 28, 2020.[4] He was quarantined in a unit with 60 or more other people, and he never saw a doctor or a nurse at any time. Medical staff refused to give Jackson medicine to relieve his pain or his fever. Jackson was also not able to purchase medicine because the prison store was closed. No one checked on Jackson to see whether he was getting better, he was just counted and left to get better on his own. Dr. Naughton, Warden Perry, and Michael Minev are responsible for directing medical staff.

## B. Jackson's claims

Based on these events, Jackson sues Dr. Naughton, Warden Perry, and Michael Minev, alleges a claim of deliberate indifference to a serious medical need under the Eighth Amendment, and seeks damages.[5]

# Discussion

## A. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[3] These facts are merely a summary of Jackson's allegations and are not intended as findings of fact.
[4] ECF No. 11 at 3.
[5] *Id.* at 3, 6.
[6] *See* 28 U.S.C. § 1915A(a).

relief from a defendant who is immune from such relief.[7]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

---

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id*.

**B.      Analysis of Jackson's claims**

*1.      Requirements for pleading a colorable deliberate-indifference claim*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[15] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[16] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[17]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[18] To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[19] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[20] When a prisoner alleges that delay of

---

[15] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).
[16] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).
[17] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).
[18] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).
[19] *Id*.
[20] *Id*. (internal quotations omitted).

medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.[21]

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[22] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[23]

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor."[24] "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[25] So "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[26] "Supervisory liability exists even without overt personal participation in the

---

[21] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[22] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[23] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[24] *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

[25] *Id.* at 1207.

[26] *Id.*

offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"[27]

### 2. Jackson made no attempt to add necessary facts in his SAC to cure the deficiencies I identified when dismissing this claim as plead in the FAC.

As an initial matter, I note that the SAC is virtually a word-for-word copy of the FAC. I explained in my previous screening order why the FAC fell short of stating a colorable claim and what Jackson must do to state one for deliberate indifference. Jackson ignored the explanation in my previous screening order and essentially refiled the same complaint that I dismissed. In light of Jackson's *pro se* status, I will give him one final opportunity to state a colorable claim in a third amended complaint. I will reiterate my previous analysis explaining why the FAC (and now the SAC) did not state a colorable claim. Jackson should strongly consider this analysis before filing any third amended complaint.

### 3. Jackson must plead true facts from which the court can infer that he had a serious medical need and that each defendant was deliberately indifferent to it.

To state a colorable claim, Jackson must allege facts sufficient to support both that he had a serious medical need, and that the defendants were deliberately indifferent to that need. The allegations in the SAC fail on both prongs. Jackson alleges that he contracted COVID-19, but he provides almost no other details about his illness. People who contract COVID-19 have a wide range of outcomes. Some become extremely sick or die while others have very mild or even no symptoms. Jackson alleges that he sought medicine to relieve his pain and fever, but he does not provide any other details about his symptoms or their severity. These thin allegations are insufficient to allege a serious medical need.

---

[27] *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

6

Plus, Jackson's minimal allegations about the defendants do not support that they were deliberately indifferent to Jackson's medical needs. It appears that Jackson is attempting to bring a supervisory-liability claim against the defendants based on their roles as supervisors, as he alleges that the defendants direct the medical staff. But Jackson does not allege any specific facts to support that the defendants directly told medical staff not to treat him, that the defendants knew medical staff were not treating him yet failed to intervene, or that the defendants instituted a policy that was so deficient that the policy itself was a repudiation of Jackson's constitutional rights and the direct cause of the failure to provide him medical treatment. In any third amended complaint, Jackson must allege specific facts showing how each of the defendants was involved in the alleged failure to provide him medical care.

### C.     Leave to amend

Jackson is granted leave to file a third amended complaint to state a colorable claim of deliberate indifference to a serious medical need. If Jackson chooses to file a third amended complaint, he is advised that a third amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaints, so the third amended complaint must be complete in itself.[28] He must file the third amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Third Amended Complaint." Jackson must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient

---

[28] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

to show what each defendant did to violate his civil rights. **He must file the Third amended complaint by April 10, 2023.**

**D.      Motion to appoint counsel [ECF No. 7]**

Like many inmates who file civil-rights claims, Jackson asks the court to find and appoint a free lawyer.[29] A litigant does not have a constitutional right to appointed counsel in civil-rights lawsuits like this one.[30] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[31] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[32] "Neither of these considerations is dispositive and instead must be viewed together."[33]

In this case, I do not find exceptional circumstances that warrant the appointment of counsel. So I deny the motion for appointment of counsel.

### Conclusion

IT IS THEREFORE ORDERED that the Court accepts the SAC (ECF No. 11) as the operative complaint in this case and **dismiss**es it without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of

---

[29] ECF No. 7.

[30] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[31] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[32] *Id.*

[33] *Id.*

the SAC (ECF No. 11).  If plaintiff chooses to file a third amended complaint, he must use the approved form and he must write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.  The third amended complaint will be screened in a separate screening order, and **the screening process may take <u>many months</u>.  If plaintiff does not file a third amended complaint by April 10, 2023, this action will be dismissed without prejudice for failure to state a claim.**

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel **[ECF No. 7] is DENIED**.

Dated: February 24, 2023

_____
U.S. District Judge Jennifer A. Dorsey

9